UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RODERICK RUFFIN,

                                                    Plaintiff,              Case # 18-CV-1307-FPG

v.                                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                    Defendant.

## INTRODUCTION

On November 13, 2014, Plaintiff Roderick Ruffin protectively applied for Disability

Insurance Benefits under Title II of the Social Security Act,[1] alleging disability beginning on

March 16, 2014. Tr.[2] 160-70. The Social Security Administration ("SSA") denied his claim (Tr.

70-81), and on July 27, 2017, Ruffin testified at a video hearing before Administrative Law Judge

Benjamin Chaykin ("the ALJ"). Tr. 23-55. On October 27, 2017, the ALJ issued an unfavorable

decision. Tr. 10-18. The Appeals Council denied Plaintiff's request for review, making the ALJ's

decision the final decision of the Commissioner. Tr. 1-4. Ruffin then appealed to this Court.[3] Tr.

1-4; ECF No. 1.

The parties make competing motions for judgment on the pleadings pursuant to Federal

Rule of Civil Procedure 12(c). ECF Nos. 11, 12. For the reasons that follow, Ruffin's motion is

GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further

administrative proceedings.

---

[1] Plaintiff's application for benefits indicates he applied for Supplemental Security Income (Tr. 160-70); however, Plaintiff's motion and the ALJ's decision both assert that Plaintiff filed an application under Title II for Disability Insurance Benefits. Tr. 10; ECF No. 11-1 at 1-2. Regardless, the standards are the same.

[2] "Tr." refers to the administrative record in this matter. ECF No. 5.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

## LEGAL STANDARD

When reviewing a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

In conducting the requisite five-step analysis,[4] the ALJ determined that Ruffin's bilateral knee degenerative joint disease, meniscus tear status-post arthroscopy, and right knee partial medial meniscectomy were severe impairments, while his hypertension, hyperlipidemia, diabetes mellitus, left shoulder strain, left wrist tenosynovitis, back pain, neck pain, and osteoarthritis of the bilateral hands were non-severe impairments.[5] Tr. 12-13. The ALJ found that Ruffin retained the residual functional capacity ("RFC")[6] to perform medium work, which requires lifting up to 50 pounds at a time with frequent lifting or carrying of up to 25 pounds. Tr. 14; *see* 20 C.F.R. §§ 404.1567(c), 416.967. He also found that Ruffin could occasionally climb ropes, scaffolds or

---

[4] The ALJ uses this analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920.

[5] A severe impairment "significantly limits the claimant's ability to do basic work activities" and a nonsevere impairment will "only minimally affect the claimant's ability to work." *Thompson v. Comm'r of Soc. Sec.*, No. 18-CV-167-FPG, 2019 WL 4016167, at *2 (W.D.N.Y. Aug. 26, 2019).

[6] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. 20 C.F.R. §§ 404.1520(e)-(f), 416.920.

ladders, ramps, and stairs, and occasionally stoop, crouch, balance, kneel, and crawl. Tr. 14. Ruffin argues that remand is required because the ALJ substituted his lay opinion for that of a medical professional when he determined Plaintiff's RFC without a medical professional's opinion. ECF No. 11-1 at 17-22. Plaintiff also argues that the ALJ failed to adequately develop the record. *Id.* at 23-30. The Court agrees.

An ALJ may not substitute his own judgment for that of competent medical opinion, and therefore "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dye v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 386, 391 (W.D.N.Y. 2019); *see also Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (noting that "an ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence").

Where the administrative record does not contain a medical source opinion about the claimant's functional limitations, an ALJ is generally required to "recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing" to fully develop the record. *Wilson*, 2015 WL 1003933, at *22; *see also Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (noting that "[t]he ALJ has an affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding"). But where "the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (brackets, quotation mark, and citations omitted) (summary order).

Here, the record contains myriad treatment and progress notes, but no medical opinion that speaks to Plaintiff's ability to perform medium work with the postural limitations the ALJ assigned. *See* Tr. 254-367; 370-462; 469-641. The ALJ simply went through those treatment notes, remarking there were "few objective findings," and determined for himself what to make of those findings. *See* Tr. 15-16. Though the RFC need not correspond perfectly to one medical opinion, an ALJ must generally rely on *some* medical opinion when considering what limitations, if any, a claimant may have. *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 471-72 (W.D.N.Y. 2018).

Contrary to the Commissioner's argument, "[t]his is not a case in which Plaintiff had only minor impairments such that the ALJ was within [his] discretion to make a 'common sense judgment' concerning [Plaintiff's] limitations, and no medical opinion evidence was necessary." *Biro*, 335 F. Supp. 3d at 471-72 (quotation and citation omitted). Plaintiff's knee impairments required multiple surgeries, making it "necessary for the ALJ to rely upon a medical source's opinion in considering the [Plaintiff's] limitations . . . ." *Id.* at 472 (remanding for ALJ's failure to obtain a medical source opinion where plaintiff had a knee impairment that required two surgeries); *see also Balaguer Perez v. Berryhill*, No. 17-CV-3045 (JMA), 2019 WL 1324949, at *6-7 (E.D.N.Y. Mar. 25, 2019).

The Commissioner cites *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 21, 33-34 (2d Cir. 2013) (summary order) to reinforce its position that the failure to seek out a medical source opinion does not necessitate remand. ECF No. 12-1 at 13. However, the Court in *Tankisi* ruled that there was sufficient evidence for the ALJ to assess the plaintiff's RFC because the record included, *inter alia*, "an assessment of Tankisi's limitations from a treating physician . . . ." *Tankisi*, 521 F. App'x at 34. No such assessment exists here. By engaging in lay interpretation of Plaintiff's treatment

records, the ALJ improperly substituted his opinion for that of a medical expert's in determining the RFC.  Tr. 15-16.

Moreover, the absence of a medical opinion as to Plaintiff's physical limitations should have triggered the ALJ's duty to develop the record, either by seeking out a treating source opinion or by ordering a consultative examination. *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 418 (W.D.N.Y. 2019) ("Here, the lack of opinion evidence creates an obvious gap in the record, and it is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision. The ALJ was required to exercise his independent duty to develop the record and, at a minimum, secure a consulting physician to examine Plaintiff and render an opinion as to her functional limitations." (quotation, citation, and alteration omitted)).  As far as the Court can discern, neither action was taken here.

The ALJ improperly substituted his lay opinion in determining Plaintiff's RFC and failed to adequately develop the record.  For these reasons, remand is required.

## CONCLUSION

Ruffin's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 12) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 27, 2020
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court